# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LAWRENCE LIGHT, JR., | 1:12-cv-00967-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| PAUL COPENHAVER, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

In the instant petition for writ of habeas corpus, Petitioner contends that on November 1, 2011, the United States Sentencing Commission effectuated Amendment 750 to the Fair Sentencing Act of 2010 which, inter alia, modified the penalties for crack cocaine offenses, reducing the disparities between penalties for crack and powder cocaine. Amendment 750, retroactively, modified the penalties for crack cocaine offenses under the United States Sentencing Guidelines drug quantity table.

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.

1

1  Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
2  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing*
3  *court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal
4  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
5  2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see
6  also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

7         In contrast, a federal prisoner challenging the manner, location, or conditions of that
8  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
9  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d
10 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);
11 United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476,
12 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);
13 Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

14         In this case, Petitioner is challenging the validity and constitutionality of his sentence
15 rather than an error in the administration of his sentence.  Therefore, the appropriate procedure
16 would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

17         In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief
18 under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective
19 to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)
20 (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an
21 inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow
22 exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is
23 insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a
24 petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);
25 Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th
26 Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.
27 Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).
28

On the form petition, Petitioner fails to indicate that he previously filed a § 2255 motion in the United States District Court for the Middle District of Florida (case no. 8:05-cr-00341-SCB-EAJ)-the court in which he was convicted and sentenced. (Petition, at 2.) The Court takes judicial notice of the docket in 8:05-cr-00341-SCB-EAJ.[1] On May 9, 2012, the Florida District Court denied Petitioner's *third* motion to reduce his sentence pursuant to 18 U.S.C. § 3582-the same claim raised here, stating:

> The matter before the Court is [Petitioner's] Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 84). This is the third such motion Defendant Light has filed, all of which seek relief under Amendment 750 U.S.S.G. On December 13, 2011, Defendant Light filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 75). The Court appointed the Federal Public Defender to represent Mr. Light and ordered the probation office to provide a supplemental report regarding Defendant's eligibility for a sentence reduction. The Probation Office submitted a retroactive crack cocaine amendment eligibility assessment/memo on January 3, 2012 in which it determined that a reduction in Defendant's term of imprisonment is not authorized because he was sentenced as a career offender. On January 6, 2012, Mr. Light filed a motion to proceed pro-se, which the Court granted. On January 20, 2012, Mr. Light filed a second motion, a motion for collateral, equitable and/or judicial estoppel in support of his earlier motion to reduce sentence. (Doc. 81). On February 3, 2012, the United States Attorney filed an opposition to [the] sentence reduction arguing that the Defendant was not eligible for a sentence reduction because the Defendant was sentenced as a career offender, and therefore, Amendment 750 does not affect his sentencing guideline range. (Doc. 82).
>
> Amendment 750 does not affect the Defendant's sentence, and he is not entitled to a sentence reduction. At sentencing, the Court found that Mr. Light was a career offender (total offense level 34, criminal history category VI, guideline imprisonment range of 262 t6o 327 months), and sentenced Mr. Light to 262 months.
>
> Eligibility for consideration under 18 U.S.C. § 3582(c) is triggered only by an amendment listed in U.S.S.G. § 1B1.10(c) that lowers the guideline range. A court may not reduce a sentence that resulted from guidelines other than those revised by the amendments listed in U.S.S.G. § 1B1.10(c). Amendment 750 does not have the effect of lowering Defendant Light's applicable guideline range because he was not sentenced under the crack cocaine guideline contained in the Drug Quantity Table, U.S.S.G. § 2D1.1, but instead was sentenced under another guideline provision, the career offender provision, U.S.S.G. § 4B1.1. Because Mr. Light was sentenced as a career offender, a reduction is not authorized under Amendment 750 or 18 U.S.C. § 3582(c)[.] See United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, 129 S.Ct. 1601 (March 9, 2009).

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

(ECF. No. 85; 8:05-cr-00341-SCB-EAJ).  On May 29, 2012, the Court denied Petitioner's motion for clarification.

Despite the filing of three motions to reduce his sentence pursuant to 18 U.S.C. § 3582 based on the 750 Amendment in the sentencing court, Petitioner claims he has not had an "unobstructed" procedural chance to raise this claim by way of § 2255.  (Petition, at 4.)  Petitioner's claim is belied by the Court's docket and rulings in case number 8:05-cr-00341-SCB-EAJ.  The Ninth Circuit has concluded that the Section 2255 remedy qualifies as inadequate or ineffective only "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008) (citation omitted).

In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (internal quotation marks omitted).  Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him.  Lorentsen, 223 F.3d at 954.

To demonstrate the absence of "an unobstructed procedural shot," Petitioner must submit proof that he never had an opportunity to raise the claim of actual innocence on appeal or in a Section 2255 motion.  Harrison v. Ollison, 519 F.3d at 960.  To satisfy this requirement, the court must determine "'(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion.'" Id. (citation omitted).

In this case, Petitioner fails to satisfy either of the two requirements for invoking the section 2255 escape hatch.  First, Petitioner fails to demonstrate that he is "actually" innocence of the crimes for which he was convicted.  Rather, Petitioner's claim is an attack on his sentence based on an amendment to the law.  This claim involves legal insufficiency, not factual innocence.  Second, even if Petitioner could demonstrate "actual" innocence, it is clear that Petitioner did not lack an unobstructed procedural opportunity to raise his claim.  Petitioner

raised his challenge to the 2011 Amendment, not one but three times to the United States District Court for the Middle District of Florida in which he was sentenced.

    Petitioner cannot truthfully maintain that he has never had the opportunity to raise his claims in the conviction court, when he has in fact has done so three times, all of which were denied in a reasoned decision.  The instant petition is obviously a disguise to present his claim again in this forum-a court which has no connection to his underlying criminal proceedings-to obtain a second bite at the apple.  Accordingly, Section 2241 jurisdiction cannot be invoked based on the  Section 2255 escape hatch.

    Based on the foregoing, it is HEREBY ORDERED that:

1.     The instant petition for writ of habeas corpus is dismissed;
2.     The Clerk of Court is directed to terminate this action; and
3.     The Court declines to issue a certificate of appealability. See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (a COA required if petition is a successive section 2255 petition disguised as a section 2241 petition); 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; Hoffman v. Arave, 455 F.3d 926, 943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable jurists would not find it debatable that this Court's decision finding Petitioner's claim not cognizable under 28 U.S.C. § 2241 to be "objectively unreasonable."

IT IS SO ORDERED.

    Dated:   __June 27, 2012__               __/s/ **Dennis L. Beck**__
                                                                 UNITED STATES MAGISTRATE JUDGE